(163 App. Div. 787)

PITTS v. FRANCIS.    (No. 154–107.)

(Supreme Court, Appellate Division, Third Department.   September 15, 1914.)

1. JUSTICES OF THE PEACE (§ 122*)—RETURN OF PROCESS—JUDGMENT—PROOF—AUTHORITY OF ATTORNEY.

Code Civ. Proc. § 2891, provides that, on failure of defendant to answer, or demur in a suit before a justice of the peace, the court, on filing the summons and complaint, with due proof of service, shall enter judgment for plaintiff and against defendant for the amount demanded in the complaint, with costs, and without further proof. *Held*, that where the justice, at the time of judgment, had before him, as returned by the constable, a verified complaint and proof of service on defendant, it was his duty to enter judgment for plaintiff on defendant's default, without more; and hence the fact that plaintiff was represented by an attorney did not render the judgment invalid because the attorney's authority to appear for plaintiff was not proved as provided by Code Civ. Proc. § 2890.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 501; Dec. Dig. § 122.*]

2. JUSTICES OF THE PEACE (§ 122*)—JURISDICTION—COMPLAINT.

Where a complaint before a justice alleged that plaintiff was a resident of Oswego and that defendant was a resident of Middletown, and the summons and verified complaint were returned to the justice as having been served September 4, 1913, at which time defendant resided in Malone, the complaint sufficiently alleged defendant's nonresidence, so that he could be sued wherever found; the presumption being that he was served within the town in which the justice resided, which would be proper service.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 501; Dec. Dig. § 122.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Franklin County Court.

Action by Clarence E. Pitts against Harry E. Francis. From an order and judgment of the Franklin County Court, reversing a justice's judgment in favor of plaintiff, he appeals. Judgment of the County Court reversed, and judgment of the justice affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Walter J. Mears, of Malone (Joseph T. McCaffrey, of Oswego, of counsel), for appellant.

Main & O'Neil, of Malone (H. W. Main, of Malone, of counsel), for respondent.

SMITH, P. J. The defendant in this action was an itinerant captain in the Salvation Army. Plaintiff guaranteed several of the accounts of the defendant with the local grocers, and he also loaned the defendant some money. In July, 1913, the plaintiff made and verified a complaint to be used in this action in justice's court, but the summons was not issued until September 2, 1913. In the complaint the plaintiff alleges that he, the plaintiff, is a resident of Oswego, and that the defendant is a resident of Middletown. The summons and verified complaint were returned to the justice as having been duly served September 4, 1913. At the time the summons was served the defendant was a resident of Malone. On the return date of the summons neither of the parties appeared in person, but the return states that Walter J. Mears appeared for the plaintiff. The defendant not appearing at all, either in person or by attorney, a judgment by default against him was taken for $35.60, including costs.

An appeal was taken to the County Court of Franklin county, which court, without any opinion and without stating the grounds for its action, reversed the judgment of the justice of the peace. In the respondent's points on the appeal to this court the defendant attacks the judgment rendered against him by the justice of the peace, first, because the authority of Mears who appeared to represent the plaintiff was not proven, as required by section 2890 of the Code; second, because the necessary allegations as to the residence of the defendant were not pleaded, so as to give the justice of the peace jurisdiction.

[1] The return of the justice shows that the summons, with the verified complaint attached, were returned as personally served on the defendant on September 4th. By section 2891 of the Code of Civil Procedure, upon the failure of the defendant to answer or demur:

"The court shall, upon filing the summons and complaint, with due proof of service thereof, enter judgment for the plaintiff and against the defendant, for the amount demanded in the complaint, with costs, and without further proof."

The justice had before him, as returned by the constable, the verified complaint with proof of service. It was his duty then to enter up the judgment to which the plaintiff was entitled upon the default

of the defendant. With the complaint of the plaintiff verified and filed with the justice, it would be giving technicality precedence over substance to hold that the judgment entered was unlawful. If the justice were required, or even authorized, as seems to me plain, to enter that judgment without an attorney, an insufficient appearance of the attorney for the plaintiff would not invalidate the judgment.

[2] I think the complaint sufficiently states the jurisdiction of the court. In case the defendant is a nonresident of the county, he may be sued wherever found. The complaint alleges the nonresidence of the defendant. Presumably he was served within the town in which the justice resided, which would be proper service. I am unable to see, therefore, any reason why this judgment should not stand.

Judgment of County Court reversed, and that of the justice affirmed, with costs in County Court and in this court. All concur.